UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PHILIP WILDSTEIN,

       Plaintiff,

v.                                       Case No:   6:16-cv-336-Orl-41TBS

CHEYENNE HOLDINGS, INC.,

       Defendant.

_____

## REPORT AND RECOMMENDATION

       Pending before the Court is Plaintiff's Amended Motion for Final Judgment against Defendant (Doc. 12). After due consideration, I respectfully recommend that the motion be **denied** and the case be **dismissed or transferred** for lack of venue.

### Background

       On February 25, 2016, Plaintiff Philip Wildstein filed this case against his former employer Cheyenne Holdings, Inc. a/ka/ Galaxy Distribution, Inc. for, *inter alia*, unpaid wages and retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (Doc. 1). Plaintiff claims he "was hired under the guise of an independent contractor agreement, when in reality [he] was simply a non-exempt employee working solely for the Defendant" (Doc. 1 ¶ 8). Plaintiff further alleges that Defendant failed to pay him for invoices of time submitted in January and February, 2015 (Id. ¶10). Plaintiff also seeks reimbursement for defending a lawsuit filed by Defendant in New Jersey (Id. ¶¶ 12-16). The Clerk of Court entered a default against Defendant on May 3, 2016 (Doc. 9) and on June 29, 2016, Plaintiff filed the instant motion for entry of final judgment (Doc. 10). On June 30, 2016, the district judge referred the motion to me for a report and recommendation (Doc. 10). On July 6, 2016, I recommended that the district judge deny Plaintiff's motion for default and grant him leave to amend (Doc. 11). The district judge

has not yet ruled on the original motion or the original report and recommendation. Plaintiff filed an amended motion for final judgment on July 20, 2016 (Doc. 12), which the district judge has referred to me for another report and recommendation. Defendant has failed to respond and the time to do so has expired.

## Discussion

Plaintiff bases his amended motion for final judgment on the default entered against Defendant on May 3, 2016 (Doc. 9). As I explained in my original report and recommendation, a final default judgment does not automatically follow from a clerk's default. <u>See</u> <u>DIRECTV, Inc. v. Trawick</u>, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005) (The mere entry of a default by the Clerk does not necessarily require the court to enter a default judgment). There needs to be a sufficient basis in the pleading to support the default judgment (Doc. 11 at 2). "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short ... a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." <u>Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,</u> 515 F.2d 1200, 1206 (5th Cir. 1975).[1] The Court must consider the appropriateness of the clerk's default and examine anew the sufficiency of the complaint.

A.  <u>The Clerk's Entry of Default Was Appropriate</u>

In my original report and recommendation I concluded that the clerk's default was properly entered (Doc. 11 at 2-4). For the sake of brevity, I incorporate that analysis by reference here.

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

B. <u>Plaintiff's Complaint is Deficient</u>

The amended motion for final judgment does not cure any of the defects I outlined in my previous report and recommendation and in fact, raises a new concern regarding whether the Middle District of Florida is the appropriate venue for this action.

### 1. *Plaintiff Fails to State A Cognizable Cause of Action*

In my original report and recommendation, I determined that Plaintiff's enumerated counts failed to state actionable claims. Count I is entitled "FLSA," but Plaintiff simply alleges that he is "entitled to minimum wage for hours worked pursuant to the FLSA" and that he "was not paid overtime pay as he worked Monday through Friday from 9:00 am to 6:00 pm, yet was paid on a flat salary" (Doc. 1 at ¶¶ 17-18; Doc. 12 at ¶ 4). To establish a prima facie case of liability for unpaid minimum wage, Plaintiff must demonstrate:

> First, that he was employed by [defendant] during the time period involved; Second, that he was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and Third, that the defendant failed to pay the minimum wage required by law.

<u>Hartsfield v. Express Shipping & Towing, Inc.</u>, No. 6:07-cv-540-Orl-31KRS, 2008 U.S. Dist. LEXIS 117451, at *5-6 (Jan. 28, 2008). Plaintiff has failed to adequately allege enterprise coverage, which is essential to an FLSA claim. And, since his FLSA claim is Plaintiff's only basis for invoking this Court's jurisdiction, it is essential to the viability of this case.

Plaintiff has not cured the problems with Count III and Count IV of his complaint (Florida Whistleblower Act, FLA. STAT. §448.102 and "FLSA – Retaliation Post Employment," respectively), as outlined in my original report and recommendation (Doc. 11 at 6-7). In Count III, Plaintiff alleges that Defendant violated the Florida Whistleblower

Act, FLA. STAT. §448.102 by retaliating against him after receiving a pre-suit demand letter. Plaintiff alleges that he was retaliated against "after his employment ended" (Doc. 1 ¶ 1; Doc. 12 ¶ 12). The Florida Whistleblower Act may be invoked when an employer has taken a retaliatory *personnel* action against an employee because an employee has engaged in a form of protected activity. FLA. STAT. 448.102; Pinder v. Bahamasair Holdings, Ltd. Inc., 661 F. Supp. 2d 1348, 1356 (S.D. Fla. 2009). Plaintiff simply alleges that he is entitled to damages under the statute, even though the retaliatory action occurred after his employment ended (Doc. 12 ¶ 12). He relies on a string of case citations from outside this jurisdiction that carry no precedential value. Plaintiff merely states a conclusion of law that is not adequately supported by facts. See Nishimatsu, 515 F.2d at 1206 ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").

Plaintiff has also not provided a basis for the cause of action outlined in Count IV. As I explained in my original report and recommendation, the FLSA's retaliation provision requires a showing that the employee citing the statute suffered some kind of adverse employment action. See Wolf v. Coca-Cola, Co., 200 F.3d 1337, 1342-1343 (11th Cir. 2000). A lawsuit that is filed after employment ends is not an adverse employment action. Again, Plaintiff has failed to allege and show why the statute applies to his particular circumstance if the offending action took place after his employment ended.

It may be impossible for Plaintiff to cure these defects without amending his complaint. In the meantime, the insufficiency of his averments precludes the entry of final default judgment and I respectfully recommend that the district judge deny the motion because Plaintiff has failed to state a cause of action upon which this Court can grant relief.

## 2.  Venue Is Not Proper In This Court

The FLSA does not contain an exclusive venue provision, so questions concerning whether a particular judicial district is appropriate for a lawsuit are governed by the general venue statute found at 29 U.S.C. § 1391. See Brown v. Money Tree Mortg., Inc., 222 F.R.D. 676, 682 (2004); Goldberg v. Wharf Constructers, 209 F. Supp. 499, 500 (N.D. Ala. 1962 ("Because the FLSA contains no special venue provisions, the general venue provisions of 28 U.S.C.A. § 1391 control."). Venue is proper "in any district where the defendant resides[2] or where a substantial part of the actions or omissions that form the basis of the action occurred." Johnson v. Big Lot Stores. Inc., No. Civ. A, 04-3201, 2005 WL 357200, at *3 (E.D. La. Feb. 10, 2005) (citing to 28 U.S.C. § 1391(b)).

A judge shall dismiss an action or transfer it to "any district or division in which it could have been brought" – either upon motion or *sua sponte* – upon determination that it is being litigated in the wrong venue. Chapin Revenue Cycle Management, LLC v. JDA eHealth Systems, Inc., No. 8:11-cv-858-T-33AEP, 2012 WL 469824, at *2 (M.D. Fla. Feb. 13, 2012) (citing 28 U.S.C. § 1406(a)); Berry v. Salter, 179 F. Supp. 2d 1345, 1350 (M.D. Ala. Oct. 18, 2001) ("[T]he court may transfer a case sua sponte under either 28 U.S.C. § 1404 or 28 U.S.C. § 1406. Section 1406(a) provides that '[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.' 28 U.S.C. § 1406(a)."); see also Lynch v. Sebastian

---

[2] A corporation "resides" in any judicial district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c)(2); Lynch, 2008 WL 413967, at *1. "If a state has multiple judicial districts, each district is treated as if it were a separate "state" for purposes of assessing whether personal jurisdiction exists over the corporation in that district." Lynch, 2008 WL 413967, at *1 (citing 28 U.S.C. § 1391(d)).

Cardiology, P.A., No. 6:07-cv-2001-Orl, 19UAM, 2008 WL 413967, at *1 (M.D. Fla. Feb. 13, 2008).

Plaintiff maintains that the unlawful employment practices that gave rise to the litigation were committed within this judicial district (Doc. 1 ¶ 3). He also alleges that he is a resident of this judicial district (Id. ¶ 4). However, his amended motion for final judgment contradicts these paragraphs of the complaint. In the pending motion, Plaintiff states that Defendant is based out of Cheyenne, Wyoming and that he – Plaintiff – "performed services for the Defendant out of his home at 561 SW Aster Road, Port St. Lucie, FL 34953." (Doc. 12 ¶ 2; Doc. 12-2; Doc. 12-3; Doc. 12-8 ¶ 1). Based on these allegations, the Middle District of Florida is an improper venue for this action. Port St. Lucie, FL is a city within St. Lucie County, Florida,[3] which is within the jurisdiction of the United States District Court for the Southern District of Florida.[4] Upon consideration of the foregoing, I respectfully recommend that the district court find that Plaintiff has failed to sustain his burden of showing that venue is proper in this Court.

Recommendation

There are many more deficiencies and problems with Plaintiff's complaint and associated motion for final judgment, including documents that have not been authenticated. These deficiencies cannot be cured by an amendment to the motion for final judgment since the request for judgment is predicated on the sufficiency of the complaint. Based on Plaintiff's failure to allege any cognizable claims and failure to bring this lawsuit in the proper venue, I **RESPECTFULLY RECOMMEND** that the district judge **DENY** the motion; and **EITHER DISMISS** this action **OR TRANSFER** the case to the United States District Court for the Southern District of Florida.

---

[3] http://www.cityofpsl.com/welcome/index.html
[4] http://www.flsd.uscourts.gov/?page_id=7850

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on August 9, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record